UNITED STATES of America, Plaintiff—Appellee,

v.

**Juan Raymond RIVERA–MORALES, Defendant—Appellant.**

No. 05–50261.
D.C. No. CR–04–00204–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 27, 2005.

John Kraemer, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Holly Sullivan, Esq., Zandra L. Lopez, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

Before PREGERSON, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

Juan Raymond Rivera–Morales appeals the district court's order that he continue to be committed at the Federal Medical Center, Butner, North Carolina ("FMC Butner") for 30 days. We affirm. Because the parties are familiar with the factual and procedural history, we need not recount it here.

## I

We have jurisdiction to entertain the merits of this appeal. The district court's order satisfies the requirements for invoking the collateral order doctrine because it "(1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." *Sell v. United States,* 539 U.S. 166, 176, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)) (internal quotation marks and indication of alterations omitted). The order in question conclusively determines that Rivera–Morales will be confined for at least some time pending the FMC director's decision of whether to file a dangerousness certificate; the issue of Rivera–Morales's pre-trial confinement is completely separate from the issue of whether he is guilty of the crimes with which he has been charged; and the issue of pre-trial confinement will by definition be unreviewable upon final judgment, and there is a high probability that there will never be a final judgment in this case because Rivera–

Morales has been found incompetent to stand trial.

## II

The district court acted within its jurisdiction in continuing to detain Rivera–Morales for an evaluation pursuant to 18 U.S.C. § 4246. The district court plainly possessed subject-matter jurisdiction over the criminal case filed against the defendant. 18 U.S.C. § 3231. The district court acted within its statutory authority in committing Rivera–Morales to the custody of the Attorney General to determine whether he would regain competency. 18 U.S.C. § 4241. The medical facility did not complete a dangerousness evaluation pursuant to § 4246 within the specified period. Therefore, the district court ordered that Rivera–Morales continue to be detained for 30 days for the dangerousness evaluation to be completed. The district court's order was within its jurisdictional authority, and the district court did not abuse its discretion in entering the order. The order was necessary following the district court's determination that Rivera–Morales was not competent to stand trial and was not likely to regain competency. Extension of the confinement time period supported "the important federal concerns of ... controlling and treating dangerous persons within the federal criminal justice system who are incompetent to stand trial" that underlie the statutory scheme. *United States v. Sahhar,* 56 F.3d 1026, 1027 (9th Cir.1995). There is no case law support for a statutory construction that would require the district court to dismiss the criminal charges if the dangerousness evaluation were not completed within the original commitment period.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## III

The district court's order does not violate Rivera–Morales's right to due process. The procedures contained in § 4246 pass constitutional muster. *Sahhar*, 56 F.3d at 1028.

AFFIRMED.